LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein
Attorneys for Plaintiffs
39 Broadway, Suite 1620
New York, New York 10006
(212) 371-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| NANCY ORELLANA, MELY LU, and ERICA RIEKERT, | 13 Civ. 05201 (KPF) (JLC) |
| Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | |
| - against - | **COMPLAINT** |
| GOTHAM CITY RESTAURANT GROUP, INC., GOTHAM CITY RESTAURANT GROUP, LLC, CHARLES MILITE, ERIC PETTERSON and CAROLYN BENITEZ, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

   Plaintiffs Nancy Orellana (hereinafter "Orellana"), Mely Lu (hereinafter "Lu"), and Erika Riekert (hereinafter "Riekert"), individually and on behalf of all others similarly situated, by their attorneys, Levy Davis & Maher, LLP, complain of defendants, Gotham City Restaurant Group Inc. (hereinafter "GCRG Inc."), Gotham City Restaurant Group LLC (hereinafter "GCRG LLC"), Management II"), Chareles Milite (hereinafter "Milite"), Eric Petterson (hereinafter "Petterson") and Carolyn Benitez (hereinafter "Benitez") as follows:

**PRELIMINARY STATEMENT**

  1.  Plaintiffs, who were employed as waitresses and bartenders at defendants'

restaurant, complain on behalf of themselves and other current and former employees of defendants, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and Article 19 of the Labor Law of the State of New York, ("Labor Law") that they performed work for defendants for which they did not receive lawful minimum wages and overtime premium pay.

2. Defendants purport to pay plaintiffs and persons similarly situated, who are tipped employees, the "tipped minimum wage," a minimum wage that is based upon the tip credit allowance available under 29 U.S.C. § 203(m) and 12 N.Y.C.R.R. § 146-1.3. However, defendants retained portions of plaintiffs' tips to cover the restaurant's losses. Such retention defeats defendants' otherwise lawful right to avail themselves of a tip credit.

3. Plaintiffs also complain that the defendants retained for themselves a percentage of food service workers' tips in violation of Labor Law § 196-d. Plaintiffs seek disgorgement of the tips so retained.

4. Plaintiffs bring this lawsuit on behalf of similarly situated persons who elect to opt into this action pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

5. This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

6. The venue of this action is proper because plaintiffs performed labor and services in the Southern District of New York, *i.e.*, a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## PARTIES

7. Orellana is a natural person, currently residing in the City of Hoboken, County of Hudson, State of New Jersey. Ms. Orellana was employed by defendants as a bartender at Live Bait, a restaurant and bar (hereinafter "Live Bait") from approximately December 2010 until February 2013.

8. Lu is a natural person, currently residing in the County of Queens, City and State of New York. Ms. Lu was employed by defendants as a waitress and hostess at Live Bait from 2005 until approximately 2009 and as a bartender from that date until the termination of her employment in September 2011.

9. Riekert is a natural person, currently residing in the County of Queens, City and State of New York. Ms. Riekert was employed by defendants as a waitress from April 2011 until September 2011 and as a bartender from September 2011 until December 2012. From December 2012 until March 2013, she was employed by defendants as both a bartender and manager. From June 5, 2013 until June 30, 2013, she was employed by defendants as a manager.

10. At all relevant times, Orellana, Lu and Riekert were employed by defendants at Live Bait, located at 14 East 23rd Street in the City, County and State of New York.

11. Gotham City Restaurant Group, Inc. is a domestic corporation. Upon information and belief, it owns and operates Live Bait. Its principal place of business is in the City, County and State of New York.

12. Gotham City Restaurant Group, LLC is a domestic limited liability company. Upon information and belief, it owns and operates Live Bait. Its principal place of business is in the City, County and State of New York.

13. GCRG Inc. and/or GCRG LLC also own and operate Coffee Shop (a restaurant and bar), Union Square Ballroom (a catering hall and event space) and Union Square Lounge (a bar), all in lower Manhattan.

14. Charles Milite is a natural person. At all relevant times, he was and is a principal of Gotham City Restaurant Group, Inc. and Gotham City Restaurant Group, LLC. Upon information and belief, he operates Live Bait and exercises sufficient control over the restaurant to be considered plaintiffs' employer within the meaning of the FLSA and the Labor Law.

15. Eric Petterson is a natural person. At all relevant times, he was and is a principal of Gotham City Restaurant Group, Inc. and Gotham City Restaurant Group, LLC. Upon information and belief, he operates Live Bait and exercises sufficient control over the restaurant to be considered plaintiffs' employer within the meaning of the FLSA and the Labor Law.

16. Carolyn Benitez is a natural person. At all relevant times, she was and is a principal of Gotham City Restaurant Group, Inc. and Gotham City Restaurant Group, LLC. Upon information and belief, she operates Live Bait and exercises sufficient control over the restaurant to be considered plaintiffs' employer within the meaning of the FLSA and the Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated are those who are and/or were employed by defendants as waitresses or bartenders at Live Bait at any time between July 25, 2010 and the present (the "Collective Action Period") within the meaning of 29 U.S.C. § 203(e)(1).

18. Defendants are liable under the FLSA for, among other things, failing to compensate plaintiffs properly. Upon information and belief, there are many similarly situated current and former employees of defendants who have not been properly paid in violation of the FLSA, and who would benefit from the issuance of a court-supervised notice of the instant action and the opportunity to join the instant action. Those similarly situated persons are known to defendants, are readily identifiable, and can be located through the use of defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

19. Plaintiffs were, at all relevant times, engaged in commerce within the meaning of 29 U.S.C. § 203(b), in that they worked as waitresses and bartenders in defendants' restaurant.

20. Plaintiffs were, at all relevant times, food service workers within the meaning of New York Labor Law § 651(9).

21. Defendants were, at all relevant times, and are, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

22. Upon information and belief, defendants, in combination with persons performing related activities for a common business purpose, are an enterprise whose annual gross volume of sales made or business done is not less than $500,000, exclusive of sales taxes.

23. Milite, Petterson and/or Benitez authorized the pay policies at Live Bait and/or controlled the terms and conditions of plaintiffs' work.

24. Defendants accordingly acted as joint employers with respect to plaintiffs.

25. At all relevant times, defendants required plaintiffs and persons similarly situated

to reimburse the restaurant for losses caused by customers who failed to pay their checks.

26. At all relevant times, defendants required plaintiffs and persons similarly situated to reimburse the restaurant for losses arising from incorrectly placed customer orders, *e.g.*, when a customer was served a dish or a cocktail other than the one he or she had ordered.

27. At all relevant times, defendants required plaintiffs and persons similarly situated to reimburse them for cash shortages or losses.

28. Plaintiffs and persons similarly situated regularly worked in excess of 40 hours in the workweek. However, plaintiffs and persons similarly situated were not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

29. Plaintiffs regularly worked in excess of ten hours and/or a split shift on a single workday. However, plaintiffs were not paid premium pay for the excessive hours/split shift.

30. Plaintiffs occasionally consumed meals at Live Bait, for which they paid. However, defendants often charged plaintiffs for meals whether or not they had eaten.

31. Defendants deducted portions of the tips paid by restaurant customers by credit card to plaintiffs and persons similarly situated. The portions so deducted were purported to be equal to the processing fees charged by credit card issuers to the corporate defendants. The precise percentages so deducted varied from time to time. At times, however, such deductions exceeded the processing fees charged by the credit card issuers. At such times, defendants retained the deducted amounts.

32. Upon information and belief, defendants failed to make, keep and preserve records as required by 29 U.S.C. § 211(c).

## AS AND FOR PLAINTIFFS' FIRST CAUSE OF ACTION

33.     Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 32 of this Complaint.

34.     At all relevant times, defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).  As such, Defendants were required to pay directly to plaintiffs and persons similarly situated the applicable federal minimum wage for all hours worked.

35.     Defendants retained and/or misappropriated portions of the tips of plaintiffs and persons similarly situated.

36.     Defendants were not entitled to avail themselves of the tip credit allowance that is available under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50 *et seq*., because defendants did not allow plaintiffs to retain all tips they received, in violation of the FLSA, 29 U.S.C. § 203(m).

37.     Defendants accordingly failed and refused to pay plaintiff and persons similarly situated the minimum wages to which they are entitled under the FLSA.

38.     As a result of defendants' violations of the FLSA, plaintiff and persons similarly situated have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

39.     Defendants' unlawful conduct, as described in this complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this complaint were unlawful. Consequently, defendants have acted willfully, and a three-year

statute of limitations applies, pursuant to 29 U.S.C. § 255.

## AS AND FOR PLAINTIFFS' SECOND CAUSE OF ACTION

40. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 39 of this Complaint.

41. Although plaintiffs and their similarly situated co-workers frequently worked over forty hours in a workweek, they were not paid overtime premium pay for hours worked in excess of forty hours per workweek.

42. Plaintiffs and their similarly situated co-workers are entitled to one and one-half times their regular rates of pay for all hours worked in excess of forty hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.*

43. As a result of defendants' violations of the FLSA, plaintiffs and persons similarly situated have suffered damages by being denied overtime premium pay in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## AS AND FOR PLAINTIFFS' THIRD CAUSE OF ACTION

44. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 43 of this Complaint.

45. Plaintiffs have not been paid minimum wages for all compensable work hours under the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 *et seq.* and N.Y.

Labor Law §§ 190 *et seq.*

46. The failure of defendants to pay minimum wages to plaintiffs as required by the New York Minimum Wage was willful within the meaning of Labor Law § 663.

47. Plaintiffs are accordingly entitled to back pay, liquidated damages, prejudgment interest and attorney's fees.

### AS AND FOR PLAINTIFFS' FOURTH CAUSE OF ACTION

48. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 47 of this Complaint.

49. Plaintiffs have not been paid overtime premium pay for all compensable work hours under the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 *et seq.* and N.Y. Labor Law §§ 190 *et seq.*

50. The failure of defendants to pay minimum wages to plaintiffs as required by the New York Minimum Wage was willful within the meaning of Labor Law § 663.

51. Plaintiffs are accordingly entitled to back pay, liquidated damages, prejudgment interest and attorney's fees.

### AS AND FOR PLAINTIFFS' FIFTH CAUSE OF ACTION

52. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 51 of this Complaint.

53. Defendants, having demanded and/or accepted part of the gratuities received by plaintiffs, violated Labor Law § 196-d.

54. Plaintiffs are accordingly entitled to recover the gratuities wrongfully taken, together with interest thereon, liquidated damages and attorneys' fees.

## AS AND FOR PLAINTIFFS' SIXTH CAUSE OF ACTION

55. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 54 of this Complaint.

56. Plaintiffs are entitled to an additional one hour's pay at the minimum hourly wage rate for any day in which the spread of hours worked exceeds 10 hours.

57. Defendants failed and refused to pay plaintiff additional wages as required under 12 NYCRR § 146-1.6, which regulation was duly promulgated pursuant to N.Y. Labor Law § 21(11).

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

1. Authorizing notice of this action pursuant to 29 U.S.C. § 216(b);

2. Directing defendants to pay federally-mandated minimum wages ond overtime premium pay to plaintiffs and to such persons as may opt in to this action;

3. Directing defendants to pay liquidated damages under the FLSA to plaintiffs and such persons as may opt in to this action;

4. Directing defendants to pay New York state-law minimum wages and overtime premium pay to plaintiffs;

5. Directing defendants to disgorge the tips wrongfully withheld from plaintiffs;

6. Directing defendants to pay liquidated damages under the New York Labor

Law to plaintiffs;

      7.  Directing defendants to pay pre-judgment interest to plaintiffs as authorized by New York law;

      8. Granting a permanent injunction enjoining defendants and their owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating the rights of the plaintiffs as secured by the New York Labor Law;

      9. Awarding plaintiffs the costs of this action together with reasonable attorneys' fees; and

      10. Granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
       July 23, 2013

                                           Levy Davis & Maher, LLP

                                           By:_____

                                           Jonathan A. Bernstein (JB 4053)
                                           Attorneys for Plaintiffs
                                           39 Broadway, Suite 1620
                                           New York, New York 10006
                                           Tel:  (212) 371-0033